# In the United States Court of Federal Claims

**PAUL E. PIECZYNSKI,**

*Plaintiff,*

v.

**THE UNITED STATES,**

*Defendant.*

No. 25-1002

(Filed: September 11, 2025)

## OPINION AND ORDER

**HADJI,** *Judge*.

On June 12, 2025, Plaintiff Paul Pieczynski, proceeding *pro se*, filed a Complaint in this Court. *See* ECF 1. In Plaintiff's Complaint, he seeks to confirm an alleged arbitration award of $26,800,000 against state judicial officials, or in the alternative, damages in the award amount plus accrued interest, totaling $614,122,000. ECF 1 at 9, 13. For the reasons that follow, the Court *sua sponte* **DISMISSES** Plaintiff's case for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff's Complaint follows from a series of past efforts to confirm an alleged arbitration award. *See* ECF 1 at 6-8. Between 2009 and 2017, Plaintiff was tried and convicted for various criminal offenses in the Court of Common Pleas of Luzerne County, Pennsylvania. *Pieczynski v. Pennsylvania*, No. 3:22-CV-2037, 2023 WL 4143448 at *1 (M.D. Pa. May 1, 2023), *report and recommendation adopted*, No. C 22-2037, 2023 WL 4183450 (M.D. Pa. June 26, 2023) (citing *Commonwealth v. Pieczynski*, CP-40-CR-0002526-2009; *Commonwealth v. Pieczynski*, CP-40-CR-0002751-2009; *Commonwealth v. Pieczynski*, CP-40-CR-0002070-2016; *Commonwealth v. Pieczynski*, CP-40-CR-0002993-2017). Plaintiff believes that from these convictions, he is entitled to a $26,800,000 arbitration award against Pennsylvania state officials. *Id.* Plaintiff previously pursued what he believes he is owed by filing suit with the United States District Court for the Middle District of Pennsylvania. *Id.*

Because Plaintiff refused to pay the filing fee, the District Court dismissed his case. *See id.* Plaintiff then appealed to the United States Court of Appeals for the Third Circuit, who affirmed the District Court's dismissal. *See id.* Plaintiff then sought review from the

United States Supreme Court, which denied his petition for certiorari. *See id.* Undeterred, Plaintiff refiled suit once again in the United States District Court for the Middle District of Pennsylvania, which dismissed his claim for failure to effect service. *See Pieczynski v. Pennsylvania*, No. 3:22-CV-2037, 2023 WL 4183450 at *2 (M.D. Pa. June 23, 2023). Plaintiff then again appealed to the United States Court of Appeals for the Third Circuit, which affirmed the district court's dismissal on the grounds that the District Court lacked jurisdiction over Plaintiff's Motion to Confirm. *See Pieczynski v. Pennsylvania*, No. 23-2329, 2024 WL 1171076 at *1 (3d Cir. 2024).

Plaintiff now brings these claims to this Court, requesting that this Court either: (1) confirm his alleged $26.8 million arbitration award; or (2) award damages in that amount plus interest of $587.3 million. ECF 1 at 13.[1] In addition, he continues to argue that he is entitled to confirmation of a "final and unchallenged arbitration award." ECF 1 at 1. Plaintiff contends that the United States is liable for enforcement of the arbitration award under the Tucker Act and that "the breach of enforcement duty under the [Federal Arbitration Act] constitutes a compensable failure of legal obligation." ECF 1 at 9. Plaintiff complains that "the United States, through its judiciary, failed to carry out a nondiscretionary enforcement obligation." ECF 1 at 10. Specifically, he alleges that procedural errors on the part of the United States District Court for the Middle District of Pennsylvania culminated in its "failure to act on a final, uncontested award." ECF 1 at 3. Plaintiff maintains that the Tucker Act, 28 U.S.C. § 1491, and the Federal Arbitration Act (FAA), 9 U.S.C. § 9, confer jurisdiction on this Court to hear his claims. ECF 1 at 1. Plaintiff further argues that state courts cannot provide enforcement because the arbitration award "arises from arbitration conducted under federal law (the FAA)" and that because state officials were held liable, state courts would lack neutrality. ECF 1 at 9.

On June 27, 2025, the undersigned issued an Order Staying this Case (the Stay Order) while the Court considered whether it has subject-matter jurisdiction over this matter. ECF 5. On July 11, 2025, Plaintiff filed a Response to the Stay Order. ECF 7. The Court understands Plaintiff's filing as an attempt to clarify the nature of his claims and support this Court's subject-matter jurisdiction over his claims.[2] *See generally* ECF 7.

## LEGAL STANDARD

This Court, like all federal courts, is a court of limited jurisdiction; its jurisdiction is generally defined by the Tucker Act, 28 U.S.C. § 1491. *See Southfork Sys., Inc. v. United*

---

[1] Although Plaintiff initially represents in his Complaint that he merely seeks confirmation of his alleged arbitration award and that the "relief requested from the United States is limited to confirmation of the award and enforcement of post-award interest," ECF 1 at 5, he later requests relief in the alternative against the United States for a total amount of $614,122,000.00, *see* ECF 1 at 13.

[2] Even with clarification, the conflicting nature of Plaintiff's statements make his claims difficult to follow. For example, although Plaintiff claims that district courts have breached their statutory duty, Plaintiff also writes that he "does not ask this court to revisit prior proceedings, nor to correct jurisdictional errors made by other courts." ECF 7 at 5.

*States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The Tucker Act grants this Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To be cognizable, a claim under the Tucker Act must be for money damages against the United States. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976). Because "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States … the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citation omitted). "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005).

If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Court of Federal Claims Rule 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Although *pro se* litigants are generally held to a lower standard in pleading, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they nonetheless "bear[] the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering whether dismissal for lack of subject-matter jurisdiction is proper, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## DISCUSSION

Here, even in light of the less stringent standard afforded by Plaintiff's *pro se* status, the Court lacks subject-matter jurisdiction over Plaintiff's claims because: (1) it cannot confirm an award under the Federal Arbitration Act, (2) it cannot enforce an award against state officials, (3) it lacks the power to review decisions by other courts; and (4) Plaintiff has cited no money-mandating source of law.

### I. This Court Cannot Confirm an Arbitration Award under the Federal Arbitration Act

Plaintiff alleges that pursuant to the FAA, 9 U.S.C. § 9, this Court may confirm his alleged arbitration award. ECF 1 at 2, ECF 1-2 at 6. However, this Court lacks jurisdiction over claims requesting enforcement of an alleged arbitration agreement. *Malone v. United States*, No. 22-1910, 2023 WL 2664327, *2 (Fed. Cl. Mar. 28, 2023), *aff'd*, No. 23-1899, 2024 WL 4128220, *1 (Fed. Cir. Sept. 10, 2024). Not only does this Court lack the ability to enforce any federal law directing others than the Federal Government to pay damages, *Malone*, 2023 WL 2664327 at *2, but only federal district courts possess jurisdiction to confirm arbitration awards under the provision Plaintiff cites. 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United

3

States court *in and for the district within* which such award was made.") (emphasis added); *Hardie vs. United* States, 134 F. App'x 434, 436 (Fed. Cir. 2005) (finding that "under the FAA, in the Federal court system only the appropriate United States District Court could have jurisdiction over the … action to confirm an arbitration award."). As this Court is not a district court,[3] it lacks jurisdiction to confirm arbitration awards under the FAA.[4] Consequently, this Court cannot confirm Plaintiff's award.

## II. This Court Cannot Exercise Jurisdiction Over State Officials

Even if the Court *could* confirm arbitration awards, Plaintiff concedes that, under his alleged arbitration award, liability was ultimately imposed only on state actors. ECF 1 at 12 ("Notably, all respondents held liable in the award are current or former state judicial officers…."); *see* ECF 1-2 at 10. Plaintiff, however, claims that this arbitration award is of "federal character," and state actors' sole liability does not "strip the arbitration" of such character. ECF 7 at 3. Yet, it is well-established that this Court lacks jurisdiction to hear claims against state officials. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States."); *United States v. Sherwood,* 312 U.S. 584, 588 (1941) ("If the relief sought [in the Court of Federal Claims] is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Put differently, "the only proper defendant for any matter before [the Court of Federal Claims] is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Here, Plaintiff only seeks confirmation of the award against state officials. ECF 1 at 2. Any claims against them, even those of "federal character," must thus be dismissed for lack of jurisdiction. 28 U.S.C. § 1491(a); *Sherwood,* 312 U.S. at 588.

## III. This Court Cannot Review Decisions by a District Court and a Court of Appeals

In Plaintiff's Complaint, Plaintiff appears to request review of the decisions of other courts. ECF 1 at 3. Specifically, he maintains that "[t]he jurisdictional trigger in this matter is the [United States District Court for the Middle District of Pennsylvania's] misapplication of procedure and failure to act on a final, uncontested award." ECF 1 at 3. Specifically, he complains of perceived procedural errors such as mischaracterization of his "statutory motion" as a complaint and use of "language that exceeded the bounds of neutral legal analysis." ECF 1 at 8. He similarly raises issues concerning the treatment of

---

[3] Congress established the Court of Federal Claims under Article I of the United States Constitution. 28 U.S.C. § 171(a). In contrast, federal district courts are created under the authority of Article III of the United States Constitution. *Int'l Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp.*, 342 U.S. 237, 238 (1952) ("The words 'district court of the United States' commonly describe constitutional courts created under Article III of the Constitution…."). As such, the Court of Federal Claims is a distinct entity from a federal district court.

[4] Notably, Plaintiff does not appear to allege that the arbitration agreement at issue specified that the Court of Federal Claims could confirm any arbitration award under its terms.

4

his case by the United States Court of Appeals for the Third Circuit. *See, e.g.,* ECF 1-2 at 11-13, 22. However, in Plaintiff's Response to Order Staying the Case, he avers that he "does not ask this Court to revisit prior proceedings, nor to correct jurisdictional errors made by other courts." ECF 7 at 5.

"Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of those claims." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015). As such, to the extent Plaintiff seeks review of a district court's decisions, "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts…." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Likewise, this court does not have jurisdiction to review the decisions of federal circuit courts of appeals. 28 U.S.C. § 1254 ("Cases in the courts of appeals may be reviewed by the Supreme Court …."); *see Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1344 (Fed. Cir. 2002). Accordingly, any such claim must be dismissed.

### IV.  Plaintiff Fails to Identify a Money-Mandating Source of Law

Putting aside this Court's inability to review the decisions of other federal courts, Plaintiff's claims arising from the United States District Court for the Middle District of Pennsylvania's alleged failure to confirm his arbitration award and grievances with the Third Circuit would otherwise fail. Here, Plaintiff maintains that, "under the Tucker Act, the United States is not liable for the original arbitration damages, but for its failure to provide a means of enforcement—a statutory and constitutional obligation." ECF 1 at 4. Plaintiff argues that by failing "to provide a forum for confirmation under the FAA," the Government has "assumed responsibility for enforcement," creating a "compensable obligation under the Tucker Act." ECF 7 at 3. However, Plaintiff's reliance on the Tucker Act as giving this Court jurisdiction to hear claims for enforcement of the FAA is misguided. To invoke this Court's jurisdiction under the Tucker Act, Plaintiff's claim must identify a separate substantive right to money damages from the Government arising out of a contract, statute, regulation, or constitutional provision. *See Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

Consequently, the FAA would need to mandate compensation in order for this Court to have jurisdiction under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1). It does not. Nowhere in Title 9 does Congress provide for the payment of money damages in the event of "FAA enforcement obstruction" or a court's failure to enforce an arbitration award. ECF 1 at 9. The Supreme Court has specified that the FAA's purpose is "to facilitate judicial *enforcement* of contracts and that an action under the FAA is simply an action to enforce the arbitration provision of the parties' contract." *U.S. v. Park Place Associates, Ltd.*, 563 F.3d 907, 931 (9th Cir. 2009) (citing *Volt Info. Scis., Inc., v. Bd. of Trs. of the Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989)) (emphasis added). Thus, as the FAA itself is a mechanism of enforcing contract terms rather than mandating payment from the Government, Plaintiff has not pointed to a compensable obligation. *See Fisher v. United*

5

*States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (finding that the trial court must determine whether a statute is money-mandating); *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 ("[A] statute creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.") (internal quotation marks and citation omitted). Therefore, this Court lacks jurisdiction to entertain Plaintiff's complaint under the Tucker Act. *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

## CONCLUSION

For the foregoing reasons, this case is **DISMISSED** for lack of subject-matter jurisdiction. Plaintiff's pending Motion to Lift Stay and to Compel (ECF 9) and Motion to Expedite (ECF 4) are thus **DENIED** as moot. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
PHILIP S. HADJI
Judge